UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST KELLY HOLESTINE, | No. 2:18-cv-0796 AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court for review is plaintiff's second amended complaint ("SAC"). ECF No. 14. For the reasons stated below, the court will direct the SAC to be served on the named defendants.

I.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

////

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II. PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff names the following individuals as defendants in this action, all of whom were employed at the Substance Abuse Treatment Facility and State Prison – Corcoran ("SATF-CSP") in the Spring of 2017, when the incidents at issue occurred: E.O.P. Supervisor M. Crawley; Department of State Hospitals Coordinator C. Arvizo; Psychiatrist J. Church; Psychologist R. Lyons, and L. Maravilla. See ECF No. 14 at 1-2. Plaintiff contends that defendants violated his right to due process under the Fourteenth Amendment when, after a suicide attempt in late April 2017, he was committed to a mental health hospital against his will and without timely notice or a proper hearing pursuant to Vitek v. Jones, 445 U.S. 480 (1980). See id. at 3-5.

////

      Plaintiff alleges as follows. In early May 2017, a few days after his suicide attempt, he was verbally informed by defendant Lyons that he had been scheduled for a Vitek hearing, and that it would be conducted within the hour. See ECF No. 14 at 3. About an hour later, defendant Crawley conducted the hearing with defendants Church, Lyons, Arvizo and Maravilla in attendance. See id.

      At the hearing, plaintiff told defendant Crawley that he had not received adequate prior notice of the hearing and that he did not understand what was happening. See ECF No. 14 at 3. As a result, he asked for a continuance to prepare. Defendant Church and another unidentified individual said that a continuance was not possible because the necessary documentation had already been submitted, and the state hospital was simply waiting for defendant Crawley to approve the commitment. See generally id.

      Plaintiff then informed defendant Crawley that he was no longer feeling suicidal and that he did not want to be committed. Instead, he wished to remain at SATF-CSP and to be permitted to work with its doctors to recover from his suicidal behavior. See ECF No. 14 at 4. Plaintiff told defendant Crawley that if given the opportunity to present documentation and witness testimony, he could demonstrate that there were "supportive factors" at SATF-CSP that would diminish the likelihood of future suicidal behavior. See id. In response, defendant Church reiterated that a continuance of the hearing was not possible and that remaining at SATF-CSP was not an option. Plaintiff's alternative request to be transferred to a different prison with a E.O.P. program was also denied by defendant Church. See id.

      Plaintiff was escorted from the hearing room, and the hearing continued without him. At that point, defendants Church, Lyons, Arvizo and Maravilla were permitted to present undisputed evidence and testimony in support of their recommendation that plaintiff be transferred to a mental health facility. See ECF No. 14 at 4. One week later, plaintiff was involuntarily transferred to the Department of State Hospitals at the California Medical Facility ("CMF"). See id. at 5. During his stay there, he was forced to take psychotropic medication and to participate in illegal behavior modification programs. See id. Excessive in-cell isolation, reduced environmental stimulation, lack of exercise, and denial of access to the law library were some of

the multiple deprivations and "cruel and unusual punishments" he experienced.[1]  See id.  Plaintiff was held at the mental health hospital for seventy-nine days.  See id.

In sum, plaintiff argues that defendants' lack of proper, timely notice about the upcoming Vitek hearing; their failure to provide him with proper assistance to prepare for the hearing; their failure to allow him to present evidence at the hearing or to review the evidence against him, and their failure to provide him with a written copy of the hearing decision within the required time frame violated his rights to due process under the Fourteenth Amendment.  See ECF No. 14 at 4-5.

### III.     APPLICABLE LAW

"[A]mong the historic liberties protected by the Due Process Clause is the right to be free from, and to obtain judicial relief for, unjustified intrusions on personal security."  Vitek, 445 U.S. at 492 (internal quotation marks omitted) (citing Ingraham v. Wright, 430 U.S. 651, 673 (1977).  The Supreme Court has long recognized that for the ordinary citizen, a commitment to a mental hospital produces "a massive curtailment of liberty" and, as a result, "requires due process protection."  See Vitek, 445 U.S. at 491-92 (quoting Humphrey v. Cady, 405 U.S. 504, 509 (1972); Addington v. Texas, 441 U.S. 418, 425 (1979); O'Connor v. Donaldson, 422 U.S. 563, 580 (1975) (Burger, C.J., concurring)).  In Vitek, the Supreme Court also determined that prisoners are entitled to due process prior to being found to have a mental disease and being transferred to a mental hospital.  See Vitek, 445 U.S. at 493.  The procedural due process protections required are:  (1) written notice to the prisoner that a transfer to a mental health facility is being considered; (2) a hearing sufficiently after the notice to permit the prisoner to prepare, and the opportunity both to hear and present evidence; (3) present witness testimony and confront and cross-examine witnesses called by the State; (4) an independent decisionmaker; (5) a written statement by the factfinder as to the evidence relied on and the reasons for the transfer; (6) qualified and independent assistance to the prisoner provided by the State, and (7) effective and timely notice of all the foregoing rights.  See id. at 494-95, 499-500 (Powell, J., concurring);

---

[1] Plaintiff raises no claims against specific individuals with respect to his time spent at CMF. See generally ECF No. 14.

Soares v. Paramo, No. 3:13-CV-02971 BTM RBB, 2017 WL 1166277, at *12-13 (S.D. Cal. Mar. 29, 2017) (citing Vitek).  These procedural steps that must occur prior to committing an individual to a mental health hospital are also codified in the California Code of Regulations, Title 15 § 3999.342.  See generally Cal. Code Regs. Tit. 15 § 3999.342(a)(1)-(5).

IV.     DISCUSSION

Plaintiff has stated cognizable Fourteenth Amendment due process claims against defendants Crawley, Arvizo, Church, Lyons and Maravilla.  The Second Amended Complaint adequately alleges facts showing that plaintiff was entitled to due process in the form of a proper Vitek hearing but that the requirements of Vitek were not satisfied: plaintiff did not receive timely written notice of the hearing; he was not provided with a qualified, independent assistant who could help him; his repeated requests for a continuance or an alternate placement were denied; he was not given an opportunity to present documentary evidence and witness testimony at the hearing; and he was ultimately not present at the hearing and was thus unable to dispute the evidence presented in support of his involuntary commitment.  Therefore, these defendants will be directed to file a response to plaintiff's second amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has stated cognizable Fourteenth Amendment due process claims against the following defendants, all of whom are employed at the Substance Abuse Treatment Facility and State Prison – Corcoran:

- **M. Crawley, an E.O.P. Supervisor;**
- **C. Arvizo, a Department of State Hospitals Coordinator;**
- **J. Church, a psychiatrist;**
- **R. Lyons, a psychologist, and**
- **L. Maravilla, an employee.**

2. Service of the second amended complaint (ECF No. 14) is appropriate.

Under separate order, the court shall direct that service be initiated on these defendants under the court's E-Service Pilot Program for civil rights cases for the Eastern District of California.

3.  All other defendants named in earlier-filed complaints[2] are deemed VOLUNTARILY DISMISSED pursuant to Federal Rule of Civil Procedure 41(a)(1) and Loux v. Rhay, 375 F.2d 55 (9th Cir. 1967).[3]

DATED: September 22, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] Earlier-named defendants are: California Substance Abuse Treatment Facility, California Department of Corrections and Rehabilitation, Scott Kernan, Kathleen Allison, Katherine Tebrock, Stewart Sherman, Al Altamirano, and E. Newborg.

[3] "The amended complaint supersedes the original, the latter being treated thereafter as non-existent." Loux, 375 F.2d at 57, overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896, 925 (2012) (stating amended complaint supersedes original complaint).